UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESAUE HARRISON THEODORE

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-05364-DJC-AC

ORDER

Petitioner Esaue Harrison Theodore is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order. (Pet. (ECF No. 1); Mot. (ECF No. 3).) Respondents have submitted an answer to the Petition. (Order (ECF. No. 8).)

Petitioner has been detained at the Golden State Annex since approximately May 20, 2026, following his incarceration at the Pasco County Jail. (Pet. at ¶1–2.) Petitioner became a lawful permanent resident on August 13, 2012, but lost the status following criminal activity. (Opp'n at 1; Opp'n, Ex. 1 (ECF No. 8-1) at 3.) Petitioner states that "on August 10, 2022, [he] got picked up." (Pet. at 12.) He was ordered removed to Haiti on February 9, 2023; on November 20, 2023, he was ordered removed to the United Kingdom or to Haiti in the alternative, and his request for Deferral of Removal under the Convention Against Torture was granted. (Opp'n, Ex.

1, at 3.) According to Petitioner, he was released "on September 22, 2024 if I recall correctly after being detained illegally for there [was] no deportation [in] my foreseeable future." (Pet. at 12.) Upon release, he was ordered to wear a temporary ankle monitor and attend check ins: he states the check ins were discontinued because ICE advised Petitioner that he was not a flight risk. (Pet. at 16.)

It is undisputed that Petitioner is subject to a final removal order and deferral of removal under CAT. As such, ICE has the authority to detain Petitioner to effectuate his removal as a non-citizen. *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231. Respondents assert that Petitioner's present detention is valid under 8 U.S.C. § 1231(a)(6). (Opp'n at 1.) However, 8 U.S.C. § 1231(a)(6) does not provide a legal basis to revoke a release by re-detaining an individual who was released prior while still subject to a removal order. *Ciuciu v. Warden*, California City Corr. Ctr., No. 1:26-cv-03274-DJC-JDP, 2026 WL 1261638, at *1 (E.D. Cal. May 7, 2026). Respondents assert that Petitioner "is detained under 8 U.S.C. § 1231(a)(6) and his detention is thus presumptively reasonable for up to six months." (Opp'n at 2.)

Critically, as described above, Petitioner appears to allege in his petition that he was detained and released prior as the Government attempted to effectuate his removal, but was released with requirements to wear a temporary ankle monitor and to check in. Unless Respondents can refute this claim, the revocation of release standard governs. Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed not by the *Zadvydas* burden shifting framework, but by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*,

2025 WL 1993771, at *3. Instead, "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Respondents are ordered to show cause why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13. Respondents may do so either by meeting their burden to show changed circumstances under 8 C.F.R. § 241.13 or clearly showing that Petitioner has not been subjected to and released from ICE custody while subject to a final removal order in the past.

The Court notes that even in the latter scenario, where Petitioner is governed by *Zadvydas* and not section 241.13, the fact that Petitioner's detention has not exceeded six months is not sufficient to resolve the case. "Courts have granted *Zadvydas* relief before six months when the petitioner provides clear evidence showing that removal is not reasonably foreseeable." *Andreasian v. Noem*, No. 5:26-

cv-00995-CV (DTB), 2026 WL 789954, at *3 (C.D. Cal. Mar. 16, 2026) (collecting cases). Here, Petitioner has a final removal order and has also been granted deferral of removal preventing his removal to Haiti. Therefore, if Respondents cannot identify a valid country of removal aside from Haiti and provide evidence that Petitioner can and will be removed there, Petitioner could still meet his burden before six months once the 90-day statutory period lapses. *See Tumasov v. Doe 1*, No. 26cv590-LL-DEB, 2026 WL 458146, at *3–4 (S.D. Cal. Feb. 18, 2026) (granting Petitioner's release before the sixth-month presumptively reasonable period lapsed where Petitioner could not be removed to his country of origin because he had been granted withholding of removal and ICE had not "identified any country that would accept Petitioner"); *Blandon v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-01117-DAD-DMC (HC), 2026 WL 1506320, at *1 (E.D. Cal. May 29, 2026) (holding that "petitioner is not barred from arguing that his detention has become prolonged prior to the six month presumptively reasonable period expiring" and stating that *Zadvydas* held that section 1231(a)(6) does not permit detention beyond the initial 90-day removal period when removal is not reasonably foreseeable.)

Respondents are HEREBY ORDERED TO SHOW CAUSE on or before August 17, 2026, why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13.

IT IS SO ORDERED.

Dated: **August 12, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Theodore26cv05364.order