UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAUE HARRISON THEODORE<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-05364-DJC-AC<br><br>RELEASE ORDER<br>A#: 062-598-197 |

Petitioner Esaue Harrison Theodore is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order. (Pet. (ECF No. 1); Mot. (ECF No. 3).) For the reasons described below, this Court orders Petitioner's release.

**BACKGROUND**

Petitioner has been detained at the Golden State Annex since approximately May 20, 2026, following his incarceration at the Pasco County Jail. (Pet. at 2.) Petitioner became a lawful permanent resident on August 13, 2012, but lost that status following criminal activity. (Opp'n (ECF No. 8) at 1; Opp'n, Ex. 1 (ECF No. 8-1) at 3.) Petitioner was ordered removed to Haiti on February 9, 2023; on November 20, 2023, he was ordered removed to the United Kingdom or to Haiti in the alternative, and his request for Deferral of Removal under the Convention Against Torture was

granted. (Opp'n, Ex. 1, at 3.) Petitioner states he was previously released "on September 22, 2024 if I recall correctly after being detained illegally for there [was] no deportation [in] my foreseeable future." (Pet. at 12.) Upon release, he states was ordered to wear a temporary ankle monitor and attend check ins. (Pet. at 16.)

On August 13, 2026, this Court acknowledged that Petitioner asserts he was previously detained and released while subject to a removal order. Therefore, the Court ordered Respondents to show cause as to why the Court should not order Petitioner released based on Respondents' inability to establish that there is a significant likelihood that Petitioner will be removed to a third country in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13 (Order (ECF No. 9).) Respondents have replied, and the briefing on this matter is now complete. (Pet.; Opp'n; Reply (ECF No. 11.)

**DISCUSSION**

In its August 13, 2026 Order to Show Cause, this Court noted that "Petitioner appears to allege in his petition that he was detained and released prior as the Government attempted to effectuate his removal, but was released with requirements to wear a temporary ankle monitor and to check in. Unless Respondents can refute this claim, the revocation of release standard governs." (Order at 2.) The Court specified that Respondents may show cause "either by meeting their burden to show changed circumstances under 8 C.F.R. § 241.13 or clearly showing that Petitioner has not been subjected to and released from ICE custody while subject to a final removal order in the past." (*Id.* at 3.)[1]

In their Reply to the Order to Show Cause, Respondents do not dispute that Petitioner was previously released on an Order of Supervision while subject to a final

---

[1] The Court noted that even if Petitioner was governed by *Zadvydas*, "Petitioner has a final removal order and has also been granted deferral of removal preventing his removal to Haiti. Therefore, if Respondents cannot identify a valid country of removal aside from Haiti and provide evidence that Petitioner can and will be removed there, Petitioner could still meet his burden before six months once the 90-day statutory period lapses." (*Id.* at 4.)

removal order. Therefore, 8 C.F.R. § 241.13(i) governs. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Under that standard, "it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)).

Respondents stated in their Reply that they "do not dispute that Petitioner has a grant under the Convention Against Torture preventing his return to his country of origin, and that removal must therefore be to a third country. Unfortunately, Respondents do not have any information to present to the Court at this time regarding the imminence of removal to a third country." (Reply at 1.) Therefore, Respondents have not shown a change in circumstances justifying Petitioner's revocation of release under 8 C.F.R. § 241.13. Since the Government did not meet its burden to show a significant likelihood that Petitioner may be removed, Petitioner has established that his present detention violates 8 C.F.R. § 241.13(i)(2), that his detention is unlawful, and that release is warranted.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to its First Claim for Relief.[2]

2. Respondents are ordered to immediately release Esaue Harrison Theodore from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing. If Respondents have custody of petitioner's documents (e.g., identification, passport,

[2] In the interest of judicial economy, the Court declines to address Petitioner's remaining grounds for relief.

work permit, Social Security card, etc.) Respondents shall return those to petitioner at the time of release.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

4. Respondents shall file a status report within five (5) days of Petitioner's release, confirming Petitioner's release.

5. The Clerk is directed to serve Golden State Annex with a copy of this Order.

6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 18, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Theodore26cv05364.merits